# EXHIBIT A

## Digiaro, Michael

| | |
|---|---|
| **From:** | agent@newjerseyregisteredagent.com on behalf of New Jersey Registered Agent LLC <agent@newjerseyregisteredagent.com> |
| **Sent:** | Monday, November 22, 2021 2:37 PM |
| **To:** | Digiaro, Michael |
| **Subject:** | Forster & Garbus delivered service of process notification |

Your client: Forster & Garbus
Has listed you as their attorney contact. We are the registered agent for your client. We received the following delivered service of process on: **11/22/2021**

If you'd like to update your email address or contact information with us, please respond to this email and we will update it for you.

Sincerely,

New Jersey Registered Agent LLC
525 Route 73 North STE 104
Marlton, NJ 08053
T: 856-452-1972
E: agent@newjerseyregisteredagent.com
W: www.newjerseyregisteredagent.com

1

## SUMMONS

| | | |
|---|---|---|
| Attorney(s) | JONES, WOLF & KAPASI, LLC | |
| Office Address | 375 Passaic Avenue | |
| Town, State, Zip Code | Fairfield, New Jersey 07004 | |
| Telephone Number | (973) 227-5900 | |
| Attorney(s) for Plaintiff | | |

**Superior Court of New Jersey**

Monmouth COUNTY
LAW DIVISION

Docket No: MON-L-003893-21

DEAN PIROVOLOS, on behalf of himself and all others similarly

Plaintiff(s)

Vs.

FORSTER & GARBUS, LLP; and JOHN DOES 1-25

Defendant(s)

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ MICHELLE SMITH
Clerk of the Superior Court

DATED: 11/19/2021

Name of Defendant to Be Served: FORSTER & GARBUS, LLP c/o REGISTERED AGENTS, INC.

Address of Defendant to Be Served: FIVE GREENTREE CENTRE, STE. 104 525 ROUTE 73 NORTH, MARLTON, NJ, 08053

Revised 11/17/2014, CN 10792-English (Appendix XII-A)



RECEIVED
NOV 29 2021

Joseph K. Jones, Esq. (ID No.: 002182006)
**JONES, WOLF & KAPASI, LLC**
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com
*Attorneys for Plaintiff(s)*

| | |
|---|---|
| ADELINE FRANCOIS, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br><br>FORSTER & GARBUS, LLP; and JOHN DOES 1-25,<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br><br>CIVIL ACTION<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, ADELINE FRANCOIS, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney(s), alleges against the above-named Defendants, FORSTER & GARBUS, LLP ("F&G"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for statutory damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in Monmouth County because Defendant regularly attempts to collect debts there, does business there and because the acts complaint of occurred in Monmouth County.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. F&G maintains a location at 60 Motor Parkway, Commack, New York 11725.

8. F&G uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. F&G is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 4:32 of the New Jersey Rules of Court, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who F&G collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent initial letters and/or notices from Defendant attempting to collect a judgment on behalf of BARCLAYS BANK DELAWARE (*See* **Exhibit A**), which included the alleged conduct and practices described herein.

The class definitions may be subsequently modified or refined.

The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 4:32 for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.
- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to October 26, 2021, Plaintiff allegedly incurred a financial obligation to BARCLAYS BANK DELAWARE ("BARCLAYS BANK").

16. The BARCLAYS BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the BARCLAYS BANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the BARCLAYS BANK obligation for business purposes.

19. The BARCLAYS BANK obligation was used to obtain services and goods which were primarily for personal, family and household purposes.

20. The BARCLAYS BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. BARCLAYS BANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

22. On or before October 26, 2021, BARCLAYS BANK or an intermediary referred the BARCLAYS BANK obligation to F&G for the purpose of collections.

23. At the time BARCLAYS BANK referred the BARCLAYS BANK obligation to F&G, the obligation was past due.

24. At the time BARCLAYS BANK referred the BARCLAYS BANK obligation to F&G, the obligation was a judgment obtained in the Superior Court of New Jersey, Special Civil Part by another law firm.

25. F&G caused to be delivered to Plaintiff a letter dated October 26, 2021, which was addressed to Plaintiff. **Exhibit A**, which is fully incorporated herein by reference.

26. The October 26, 2021 letter was sent to Plaintiff in connection with the post-judgment collection of the BARCLAYS BANK obligation.

27. The October 26, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

28. The October 26, 2021 letter was the initial written communication that Plaintiff received from F&G regarding the BARCLAYS BANK obligation.

29. No other written communication was received by Plaintiff from F&G regarding the BARCLAYS BANK obligation within five days of the October 26, 2021 letter.

30. Upon receipt, Plaintiff read the October 26, 2021 letter.

31.     The October 26, 2021 letter provided the following information regarding the balance claimed due on the BARCLAYS BANK obligation:

JUDGMENT Balance:      $6,712.77

32.     The October 26, 2021 letter stated in part:

> THE ABOVE JUDGMENT DOCKETED IN COURT AGAINST YOU REMAINS UNPAID. THE JUDGMENT CONTINUES TO ACCRUE INTEREST UNTIL PAID IN FULL. PLEASE CONTACT OUR OFFICE IN ORDER TO MAKE ARRANGEMENTS TO PAY YOUR DEBT AND SATISFY THE JUDGMENT.

33.     Upon information and belief, BARCLAYS BANK prohibits Defendant from assessing post-judgment interest on the judgment obtained against Plaintiff.

34.     BARCLAYS BANK waived the accrual of post-judgment interest on Plaintiff's BARCLAY BANK obligation (judgment).

35.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

### POLICIES AND PRACTICES COMPLAINED OF

36.     It is F&G's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a)   Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b) Using unfair or unconscionable means to collect or attempt to collect any debt;

(c) Making a false representation of the character, amount legal status of the debt; and

(d) Threatening to take an action not intended to be taken.

37. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A** to at least 50 natural persons in New Jersey within one year of this Complaint.

## COUNT I

### DECLARATORY JUDGMENT ACT

38. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

39. As discussed herein, the Court has jurisdiction to declare the rights of Plaintiff and others similarly situated relative to the Defendant.

40. Plaintiff is a person interested under a written contract or other writing constituting a contract or whose rights, status or other legal relations are affected by a statute, contract, who may have determined any question of construction or validity arising under the instrument, statute, contract and obtain a declaration of rights, status or other legal relations thereunder.

41. Plaintiff and others similarly situated are entitled to Declaratory Judgment that Defendant violated the Plaintiff's rights and the FDCPA as alleged herein.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

42. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

43. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

44. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

45. As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

46. Defendants' false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

47. As described herein, Defendant engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5) and 1692e(10).

48. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

49. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character and amount of the debt.

50. As described herein, Defendants violated 15 U.S.C. § 1692e(5) by misrepresenting that BARCLAYS BANK allowed for post-judgment interest to accrue on the debt.

51. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

52. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

53. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

54. As described herein, Defendant engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

55. As described herein, Defendants violated 15 U.S.C. § 1692g(a)(1).

56. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

57. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

58. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

59. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

60. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

61. Plaintiff and others similarly situated have suffered harm redressable under the FDCPA as a direct result of the abusive, deceptive and unfair collection practices described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel pursuant to R.4:32;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding attorneys' fees and costs;

(d) Awarding post-judgment interest.

(e) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Joseph K. Jones, Esq., is designated as trial counsel for Plaintiff.

## RULE 4:5-1 CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify to the best of my knowledge, information, and belief at this time, that the matter in controversy is not the subject matter of any other action pending in any other court, and that no parties other than those listed herein should be joined in this matter.

Dated: November 19, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (ID No.: 002182006)
**JONES, WOLF & KAPASI, LLC**
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com
*Attorneys for Plaintiff(s)*

# EXHIBIT

# A

**FORSTER & GARBUS LLP**
**ATTORNEYS AT LAW**
A LIMITED LIABILITY PARTNERSHIP FORMED IN THE STATE OF NEW YORK

| | | |
|---|---|---|
| RONALD FORSTER - Adm. In NY Only<br>MARK A. GARBUS - Adm. In NY Only<br><br>EDWARD J. DAMSKY - Adm. In NY Only<br>JOEL D. LEIDERMAN - Adm. In NY Only | 60 MOTOR PARKWAY<br>P.O. BOX 9030<br>COMMACK, N.Y. 11725-9030<br>(631) 393-9400<br>FAX (631) 393-9490<br>TTY (631) 393-8368<br>TOLL FREE (800) 246-9943 | ANNETTE T. ALTMAN - Adm. In NY Only<br>MICHAEL C. DIGARIO -Adm. In NY & NJ<br>MICHAEL J. FLORIO - Adm.In NY Only<br>AMY GAVLIK - Adm In NY Only<br>TESS E. GUNTHER - Adm. In NY & CT |

October 26, 2021

JUDGMENT Balance: $6,712.77
Reference Number: XXXXXXXXXXXXX7147
Account Number: [REDACTED]0159
Index Number: 4438/18
Re: Creditor to Whom Debt Is Owed:
BARCLAYS BANK DELAWARE
Merchant: AAdvantage Aviator Red MasterCard

Judgment Creditor: BARCLAYS BANK DELAWARE

1-631-393-9400
1-800-245-9943 Ext
TTY: (631) 393-8368
Representative Name: MS ESTRADA
Monday and Wednesday 8:00AM - 8:00PM EST
Tuesday, Thursday, Friday 8:00AM - 5:00PM EST
Control Number: 7024977

ADELINE FRANCOIS

THE ABOVE JUDGMENT DOCKETED IN COURT AGAINST YOU REMAINS UNPAID. THE JUDGMENT CONTINUES TO ACCRUE INTEREST UNTIL PAID IN FULL. PLEASE CONTACT OUR OFFICE IN ORDER TO MAKE ARRANGEMENTS TO PAY YOUR DEBT AND SATISFY THE JUDGMENT.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

(PLEASE NOTE THAT WE ARE REQUIRED, UNDER FEDERAL LAW, TO ADVISE YOU THAT WE ARE DEBT COLLECTORS AND ANY INFORMATION WE OBTAIN WILL BE USED IN ATTEMPTING TO COLLECT THIS DEBT.)

O

## NJ SUPERIOR COURT LAWYER REFERRAL AND LEGAL SERVICE LIST

**ATLANTIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk, Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk, Superior Court
Civil Processing Office
Hall of Justice
1st Fl, Suite 150
101 South 5th Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk, Superior Court
9 N. Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office
60 West Broad Street
P. O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk, Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office,
Attn: Intake, First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk, Superior Court
Civil Records Dept.
Brennan Court House, 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk, Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk, Superior Court
Local Filing Office, Courthouse
175 S. Broad Street
P. O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk, Superior Court
Middlesex Vicinage
Second Floor, Tower
56 Paterson Street
P. O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk, Superior Court
Court House
P. O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington & Court Streets
P. O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk, Superior Court
Court House, Room 121
118 Washington Street
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division - Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk, Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk, Superior Court
Civil Division Office
40 North Bridge Street
P. O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk, Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk, Superior Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010